IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | No. 3: CR-02-221-01 |
| | : | |
| DIMITRIUS SMITH, | : | |
| Defendant | : | |

## GOVERNMENT'S OPPOSITION TO MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)

AND NOW comes the United States of America, by its undersigned counsel and submits the following Response in Opposition to the Defendant's Motion for Relief pursuant to Title 18 United States Code, Section 3582(c), setting forth the following material factors in support thereof:

1. The defendant was previously convicted and sentenced for offenses involving the distribution of cocaine base, also known as crack cocaine.

2. The defendant was originally sentenced to a term of 170 months' imprisonment, a sentence which represented **a significant departure, exceeding that recommended by the government (188-235 months),** from the guidelines imprisonment range which the Court found to be applicable in this case, 262 to 327 months' imprisonment. That guidelines imprisonment range was based upon the Court's finding that the defendant's offense level was 36 and the defendant's criminal history category was IV. In imposing the sentence below the Advisory Guideline System, the Court cited the various sentencing considerations identified in 18 U.S.C. Section 3553(a) as grounds for its decision. In addition, on two separate occasions after Smith's sentence, as a result of his cooperation in homicide cases being prosecuted by state authorities, the government requested

that the court depart to a 96-month prison sentence, which constitutes a departure of almost seven years from his original sentence.

3. Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline.

4. The defendant has now moved pursuant to Title 18, United States Code, Section 3582(c), for relief and argues that this amended guidelines provision entitles him to a sentence reduction.

5. Upon review of the defendant's motion and the underlying facts of this case, the United States **disagrees** that the defendant is entitled to request some relief pursuant to Title 18, United States Code, Section 3582(c) since the defendant's sentence is below the sentencing range that would after application of Amendment 706. For instance, pursuant to Title 18, United States Code, Section 3582(c) and Guidelines Amendment 706:

    A. The revised offense level for this defendant appears to be 34,

    B. The defendant's criminal history category remains IV.

    C. The revised guidelines imprisonment range is 210 to 262 months' imprisonment.

6. In determining whether to reduce the imposed sentence, the Court may take into account the fact that the defendant previously received a nonguideline sentence pursuant to 18 U.S.C. § 3553 and Booker. Specifically, the defendant faced a range of 262 to 327 months under the guidelines, but the court, citing the consideration of 18 U.S.C. § 3553 factors as well as the

government's departure motion, imposed a sentence of 170 months. While the Court maintains the discretion to further reduce the defendant's sentence, revised Section 1B1.10(b)(2)(B) cautions: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553 and United States v. Booker, 543 U.S. 220 (2005), a further reduction *generally would not be appropriate*." (emphasis added). In this case, the government submits that the suggestion of the Sentencing Commission should be followed, and no further reduction should be granted. The defendant is not a first time offender, has a significant criminal history, and was the leader of the large crack cocaine distribution ring in Monroe County. Also, the defendant possessed firearms in relation to his drug trafficking. The defendant's prior record indicate that he has difficulty complying with the law. Moreover, as indicated above, the government has already moved to reduce the defendant's sentence twice for his cooperation in homicide cases. Smith, who originally faced a guideline sentence of between 262-327 months in prison, is now serving a much reduced sentence of 96 months.

If this Court disagrees, and determines to grant a reduction, that reduction is limited. In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate...." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3. The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20

percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 app. note 3. Here, the bottom of the original guideline range was 262 months, and the Court imposed a sentence of 170 months. Thus, the reduction fell below the amended guideline range (210-262 months) by 40 months.

7. Given the fact that the Court took into account all sentencing factors previously, including the nature and circumstances of the offense, and imposed a sentence **below** that even after the adjustment provided for under Amendment 706, the Defendant is not entitled to relief.

          Respectfully submitted,
          /s/Francis P. Sempa

          _____
          FRANCIS P. SEMPA
          Assistant United States Attorney
          ID No. 41294
          P.O. Box 309
          Scranton, PA 18501-0309
          (570) 348-2800 (telephone)
          (570) 348-2830 (facsimile)
          fran.sempa@usdoj.gov

Dated: March 17, 2008

# CERTIFICATE OF SERVICE

I, Luann Manning, a paralegal assistant in the United States Attorney's Office, do hereby certify that I served a copy of the foregoing **Government Response to Motion for Relief Pursuant to Title 18 United States Code Section 3582(c)**, by electronic filing to the following:

Joseph A. O'Brien, Esq.
jaob@oprlaw.com

and by regular mail to:

Dimitrius Smith
Register # 11335-067
FCI Gilmer
Federal Correctional Institution
PO BOX 6000
Glenville WV 26351

/s/ Luann Manning
_____
LUANN MANNING
Paralegal Assistant

Date: March 17, 2008