UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | 3:CR-02-00221 |
| DIMITRIUS SMITH, | : | |
| Defendant | : | |

### RESPONSE TO THIRD PARTY'S MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO UNSEAL

Omar Powell, a sentenced defendant in state court as a result of a homicide conviction in 2007, filed a motion on September 16, 2019, requesting that certain documents in the above-captioned federal case be unsealed. On October 25, 2019, Powell filed a motion for permissive intervention in the *Smith* case pursuant to Federal Rule of Civil Procedure 24(b) in order to compel the unsealing of such documents.

Federal Rule of Civil Procedure 24(b) states as follows:

(b) Permissive Intervention.

    (1) *In General.* On timely motion, the court may permit anyone to intervene who:

        (A) is given a conditional right to intervene by a federal statute; or

        (B) has a claim or defense that shares with the main action a common question of law or fact.

1

Fed. R. Civ. P. 24

Powell claims that in his March 2007 state murder trial, Dimitrius Smith, the defendant in the above-captioned matter, testified against Powell as a "key" witness. Powell further claims that during his testimony Smith stated that he was not promised any benefits from the Commonwealth of Pennsylvania or the United States in return for that testimony. Powell states that he was convicted of murder on March 29, 2007. Powell alleges that the documents he seeks to have unsealed provide evidence that "a reduction (promise) was set in motion before the trial to ensure his [Smith's] testimony for the Commonwealth." He claims that the unsealing of the sealed documents "are needed to prove that the Commonwealth withheld Impeachment/Credibility information in the case against him, and that if they are not Unsealed or Disclosed to him for the purpose of proof of his claim, then a miscarriage of justice will continue to apply in the case, as he would not be allowed to prove the Constitutional due process Violation committed by the Commonwealth by withholding evidence." He requests that the following docket entries in Smith's case be unsealed: 362-366 and 426-430.  It is unclear from Powell's motions whether his request relates to

a pending proceeding in state court, such as a post-conviction motion. He does not allege that he needs the documents unsealed for purposes of a pending state proceeding, although his motion implies as much.

Nor does Powell provide transcripts that support his claim that Smith was a "key" witness and testified at Powell's trial that he (Smith) was not promised any benefits from the Commonwealth or the United States in return for his testimony. The Government is obviously unaware of what the Commonwealth provided to Powell's defense as part of discovery in the state case.

Powell claims that pursuant to Rule of Civil Procedure 24(b) he has a conditional right to intervene by a federal statute" and "has a claim or defense that shares with the main action a common question of law or fact." (Motion for Permissive Intervention at p. 2). He further claims that the government's basis for sealing the documents has ended and that Local Rule 49(c) requires the government to unseal the documents.

Motions to intervene are filed pursuant to Fed.R.Civ.P. 24. The Fourth Circuit has noted that "a third party has standing to intervene ... when the third party has a legally cognizable interest in the

materials sought." *In re Grand Jury Subpoena # 06–1,* 274 Fed. Appx. 306, 310 (4th Cir.2008) (unpublished) (per curiam). Standing to access such documents "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry,* —— U.S. ——, 133 S.Ct. 2652, 2661, 186 L.Ed.2d 768 (2013); *United States v. Pickard*, 733 F.3d 1297, 1301 (10th Cir. 2013). Courts have granted motion's to intervene for the limited purpose of filing a motion to unseal judicial records. *See United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008) ("such motions are common in this Circuit to assert the public's First Amendment right of access to criminal proceedings"); *United States v. Caicedo Velandia*, No. 10-CR-00288-01, 2019 WL 6913524, at *1 (E.D.N.Y. Dec. 19, 2019).

Assuming the court permits Powell to intervene as a third party in the above-captioned case, a right of access to sealed documents is presumptive but not absolute, and it can be overcome where there is cause shown that outweighs the value of openness. *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994).

Powell's claim that the government's interest in sealing the documents has ended because Smith's case is closed approaches the issue too narrowly. While court documents are presumed to be open, there can be clearly defined and important reasons for sealing them and keeping them sealed. *United States v. Hirsh*, 2007 WL 1810703 (E.D. Pa. June 22, 2007). The government is entitled to keep documents sealed if the "material is the kind of information that courts will protect and disclosure will work a clearly defined and serious injury." *United States v. Thomas*, 905 F.3d 276 (3d Cir. 2018) (intervenor denied access to plea documents); *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). *See also United States v. Doe*, 870 F.3d 991 (9th Cir. 2017) (the Government has a legitimate, compelling interest in not revealing information revealing Rule 35 sentence reductions); *United States v. Doe*, No. 3:19-MC-00027 (AWT), 2019 WL 1081675, at *8 (D. Conn. Mar. 6, 2019) (motion to unseal denied because government has strong interest in mitigation of risk of harm to cooperating witnesses and in having people willing to assume risks associated with cooperating with the government); *United States v. Lanier*, No. 4:87-CR-40070-JPG, 2019 WL 4415427, at *3–5

(S.D. Ill. Sept. 16, 2019); *United States v. Cicale*, 2018 WL 388941 (E.D. NY Jan. 11, 2018) (government has a compelling interest in defendant's safety);*United States v. Lawson*, No. 4:99 CR 55-6, 2015 WL 13743434, at *1–2 (E.D. Va. Feb. 9, 2015)("it is well established that 'in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals'"); *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009) (third party access to sealed Rule 35 documents denied); *United States v. Matthews*, No. CRIM. 3:07CR226, 2008 WL 5210706, at *1–3 (E.D. Va. Dec. 12, 2008); *United States v. Henry*, No. CRIM.A. 06-33-01, 2008 WL 2795140, at *14 (E.D. Pa. July 17, 2008). The documents at issue here are the kinds of documents that courts routinely protect and where disclosure may cause harm.

Moreover, none of the documents Powell requests contain evidence of a "promise" of leniency in return for Smith's testimony at Powell's state murder trial. The government has filed the relevant documents under seal for the Court to review. Where an intervenor moves to unseal judicial documents whose contents, "on their face," weigh in favor of sealing, a court may evaluate the documents *in camera. In re*

6

*Applications to Unseal 98 CR 1101(ILG)*, 568 Fed. Appx. 68, 70 (2d Cir. 2014); *United States v. Caicedo Velandia*, No. 10-CR-00288-01, 2019 WL 6913524, at *2 (E.D.N.Y. Dec. 19, 2019)

There are two sealed motions in the Smith case contained in the documents sought to be unsealed by Powell. The first one was filed on June 13, 2006, before Omar Powell's murder trial and was not related to Omar Powell's case. The second one was filed on June 21, 2007, after Powell was convicted of murder. That document contains no evidence that a "promise" was made to Smith in return for his testimony at Powell's trial.

Finally, the court's *in camera* review of the documents will reveal that there is a clear and compelling reason for keeping those documents sealed. *United States v. Thomas*, supra; *United States v. Doe, supra.*

For the reasons stated above, this court should deny Powell's motion to unseal.[1]

---

[1] In the alternative, should the court grant the defendant's motion, the government requests that the documents be provided to the defendant but that they not be unsealed on the docket for the public to access. Such a narrowly tailored right of access would satisfy the defendant's claim that he needs the documents for matters related to his state murder conviction, but would also recognize the government's compelling interest in maintaining the sealing of the documents.

                                      Respectfully submitted,
                                      DAVID J. FREED
                                      United States Attorney

Date:May 26, 2020            /s/ Francis P. Sempa
                                      Francis P. Sempa
                                      Assistant United States Attorney
                                      PA 41294
                                      Office of the U.S. Attorney
                                      Suite 311, 235 North Washington Ave.
                                      Scranton, PA 18501
                                      570-348-2800/FAX (570) 348-2037

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers. That on May 26, 2020 she served a true and correct copy of the foregoing

## RESPONSE TO THIRD PARTY'S MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO UNSEAL

by U.S. Mail to the address below:

Omar Powell
MR-4382
SCI Forest
PO BOX 945
Marienville PA 16239

                                        s/ Luann Manning
                                        LUANN MANNING
                                        Supervisory Legal Assistant