THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : 3:02-CR-00221 |
| | : (JUDGE MARIANI) |
| **DIMITRIUS SMITH,** | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM OPINION
### I. INTRODUCTION AND PROCEDURAL HISTORY

Pending before the Court is Omar Powell's "Motion to Unseal, and or Motion to Compel USA to Move to Unseal" (Doc. 513) and "Supplement Motion for Permissive Intervention Pursuant to Fed. R. Civ. P. 24(b)(1)(A)-(B)" (Doc. 514). Powell seeks to unseal Documents 362 through 366 and Documents 426 through 430 in the above-captioned case.

On September 16, 2019 Omar Powell, a non-party to the above-captioned case, filed a pro se motion to unseal documents filed in this case. In 2007, a Lehigh County jury found Powell guilty of murder in the first degree after finding he killed a witness who was going to testify against him in a state drug prosecution. *Com. v. Powell*, No. 1317 EDA 2014, 2014 WL 10786859, at *1 (Pa. Super. Ct. Dec. 1, 2014). Powell was sentenced to life imprisonment in state court. *Id.*

Powell alleges that Dimitrius Smith, the defendant in the above-captioned case, was a "Key Witness for the Commonwealth" during Powell's trial. (Doc. 513, at 2, 4). Powell alleges Smith testified "he was not promised any benefits from the Commonwealth or USA

1

in exchange for his testimony." (*Id.* at 4). Powell further alleges that the sealed documents filed in June 2006 demonstrate, "a reduction (promise) was set in motion before the trial to ensure his testimony for the Commonwealth," and the sealed documents filed in June 2007 "granted [Smith] the reduction that he expected for cooperating and testifying in the case against the Non-Party Requested." (*Id.*). Powell contends these documents show "the Commonwealth withheld Impeachment/Credibility information in the case against him"; and, without them "a miscariage [sic] of Justice will continue to apply in this case, as he would not be allowed to prove the Constitutional due process Violation committed by the Commonwealth by withholding evidence." (*Id.* at 8).

On October 25, 2019, Powell filed a pro se motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). (Doc. 514). Powell argues that the Government's failure to unseal the documents violates Local Rule 49(e) as "the bases for the Sealing order has ended on or about April 17, 2007." (*Id.* at 1).

The parties have fully briefed the Motions and they are ripe for decision. For the reasons set forth below, the Court will grant Powell's Motion for Permissive Intervention (Doc. 514) for the limited purpose of moving to unseal judicial records, and will deny Powell's Motion to Unseal (Doc. 513), subject to the condition that Documents 426, 426-2, 427, 428, 428-2, 429 and 430 will be made available to Omar Powell.

## II. ANALYSIS

Powell moves to intervene in this case for the purpose of unsealing ten documents on the record: Documents 362–366 and 426–430. Federal Rule of Civil Procedure 24(b) states in relevant part, "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Whether to grant a motion for permissive intervention is within the discretion of the district court. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). When determining whether to allow a party to intervene, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The motion's timeliness is "'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.'" *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982)(quoting *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)).

Courts have allowed parties to intervene for the limited purpose of unsealing a judicial record, even "long after a case has been terminated." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778–79 (3d Cir. 1994)(agreeing with the "growing consensus among the courts of appeals"); *Leucadia, Inc. v. Applied Extrusion Techs.*, Inc., 998 F.2d 157, 161 n.5 (3d Cir. 1993).

A district court has the power to unseal previously-sealed documents through its general discretionary powers. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007). The Supreme Court has recognized a common law right of access to judicial records and proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). However, this right is "presumptive and not absolute." *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018). Access to judicial records has been denied where the party seeking the protective order demonstrated "good cause" exists for the records to be sealed. *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019). "[T]he court...must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787 (alterations original). For example, the right of access is limited if it is outweighed by "the needs of the government to obtain just convictions and to preserve the confidentiality of sensitive information" or by a "risk of serious injury to third parties from disclosure." *United States v. Raffoul*, 826 F.2d 218, 223 (3d Cir. 1987).

In considering whether to unseal judicial records, the Third Circuit uses "the same balancing test that is used in determining whether to grant such orders in the first instance." *Pansy*, 23 F.3d at 790. The party that seeks to maintain the seal "'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re*

*Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)(quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

After reviewing the documents *in camera,* the Court finds the Government has demonstrated that the sealed documents requested by Powell contain the kind of information which is generally protected by the courts. The sensitive nature of the information within these records has not changed since the records were originally sealed. Despite the fact that Defendant's case has been closed, the Government has demonstrated that the disclosure of these documents may still cause a clearly defined and serious injury to the Government, the Defendant, or innocent parties.

While the burden is on the Government to prove the records should remain sealed, Powell has not explained any specific need for the records to be unsealed. In balancing the interests, the clearly defined and serious risk associated with the disclosure of these documents outweighs Powell's arguments in favor of unsealing.

Powell's citation to Local Rule 49(e) does not support his position. Local Rule 49(e) states, "It shall be the duty of the party who obtained an order to file under seal to move to unseal the document as soon as the basis for the sealing order has ended." As explained, *supra*, the basis for the sealing order has not changed. Contrary to Powell's assertion, the basis for the orders did not change when Powell's jury trial concluded on April 17, 2007. The Government's interests that required the seal initially have not changed such that the seal is no longer warranted. Therefore, Rule 49(e) does not apply.

Though the documents shall remain sealed, Powell has made a credible argument that access to some of these records should be granted to him. Powell argues the records prove "the Constitutional due process Violation committed by the Commonwealth by withholding evidence." (Doc. 513, at 8). This need for access is implicitly recognized by the government in its brief:

> In the alternative, should the court grant the defendant's motion, the government requests that the documents be provided to the defendant but that they not be unsealed on the docket for the public to access. Such a narrowly tailored right of access would satisfy the defendant's claim that he needs the documents for matters related to his state murder conviction, but would also recognize the government's compelling interest in maintaining the sealing of the documents.

(Doc. 517, at 7 n.1). The Court notes that Powell concurs with the Government's argument in the alternative to provide him with the requested documents. (Doc. 521, at 1–2).

The Documents that mention Omar Powell will be made available to him, including Documents 426, 426-2, 427, 428, 428-2, 429, and 430. However, Powell will not be granted access to Documents 362–366. Having reviewed Documents 362–366 *in camera*, the Court finds that these documents do not reference Omar Powell in any way. There is no basis for their disclosure to Powell.

The Court will accordingly issue an order consistent with this opinion, allowing Powell access to Documents 426, 426-2, 427, 428, 428-2, 429 and 430 while they remain sealed from the public for all other purposes.

### III. Conclusion

For the foregoing reasons, the Court will grant Powell's Motion for Permissive

6

Intervention (Doc. 514) for the limited purpose of moving to unseal judicial records, and will deny Powell's Motion to Unseal (Doc. 513), subject to the condition that Documents 426, 426-2, 427, 428, 428-2, 429 and 430 will be made available to Powell as set forth in this Memorandum Opinion. A separate Order follows.

_____
Robert D. Mariani
United States District Judge